MICHAEL MANKOWSKI,

    *Plaintiff,*

    *v.*                               Case No: 2:26-cv-645

CITY OF WHITEWATER, CAILEY RUSSELL,
AND RYAN KOZLOWSKI,

    *Defendants.*

## COMPLAINT

Plaintiff Michael Mankowski, by his attorneys, Strang Bradley, LLC, for his complaint against Defendants, states:

### INTRODUCTION

1. On December 23, 2025, Plaintiff Michael Mankowski's friend Steven and Steven's two kids were visiting Mankowski. Mankowski decided to drive them home to Whitewater, Wisconsin.

2. Once they reached Whitewater, they decided to stop at a McDonald's.

3. On the way to McDonald's, Mankowski was pulled over by Defendant Whitewater Police Department Officer Cailey Russell.

4. Russell pulled Mankowski over because, she said, she saw a traffic violation.

5. Defendant Officer Ryan Kozlowski joined Russell at the traffic stop.

6. The Defendants determined that Steven and his kids were not wearing seatbelts or car seats.

7. Rather than write Mankowski tickets, Russell and Kozlowski extended the traffic stop.

8. Mankowski asked the officers why they weren't just writing him a ticket, and Kozlowski replied that they were investigating.

9. Mankowski asked them what they were investigating, and Kozlowski said, "Weirdness."

10. This extension violated Mankowski's Fourth Amendment right to be free from unreasonable search and seizure.

11. A K9 officer eventually arrived.

12. Mankowski, who recently had surgery and has difficulty walking, was forced to get out of his SUV.

13. The K9 did not alert.

14. Russell finally issued the tickets and released Mankowski.

15. What should have been a routine traffic stop lasted over an hour.

### FACTS

16. Plaintiff Michael Mankowski is Steven's close friend and a father figure.

17. On December 23, 2025, Mankowski was driving Steven and his kids back to Steven's home in Whitewater after a visit.

18. They decided to stop at a McDonald's in Whitewater.

19. As they were heading towards McDonald's, a Whitewater Police Department squad car began following them.

2

20. The squad car turned its lights and sirens on to pull Mankowski over, and Mankowski pulled into a parking lot.

21. After Mankowski pulled over, Russell immediately called for another officer to back her up.

22. The WPD officer, Defendant Cailey Russell, told Mankowski that she had pulled him over because some of the lights on his rear-mounted brake light were out.

23. Mankowski's high-mounted brake lights, however, were in proper working condition and not in violation of any Wisconsin statute or administrative code.

24. Russell checked Mankowski's license, registration, and insurance, all of which were valid.

25. Defendant Kozlowski, also a WPD officer, arrived on scene and joined in the traffic stop.

26. When Russell and Kozlowski reapproached Mankowski's window, they noted that Steven and his kids were not wearing seatbelts and were not in car seats.

27. Russell then asked Mankowski about the seatbelts and car seats.

28. Steven explained that he forgot the kids' car seats.

29. Instead of writing Mankowski tickets, however, Kozlowski told Mankowski he was extending the stop because he was "investigating the weirdness [he was] seeing."

30. Instead of writing tickets, Russell called and waited for a K9 officer.

31. Russell then ordered Mankowski out of his SUV.

32. Mankowski recently had surgery and painfully exited his SUV.

33. The officers had to pull his walker out of the back of the SUV.

3

34. A K9 officer walked a dog around Mankowski's SUV.

35. The K9 did not alert.

36. Russell finally issued Mankowski tickets and released him from the traffic stop.

37. In a call summary, Defendants claimed that they had reasonable suspicion to extend the traffic stop because of Mankowski's route to the McDonald's, "visible appearance, and behavior."

## JURISDICTION AND VENUE

38. This Court has jurisdiction over federal claims pursuant to 28 U.S.C. § 1331 and the state law claims for indemnification pursuant to 28 U.S.C. § 1367.

39. Venue is proper under 28 U.S.C. § 1391(b). Defendant City of Whitewater is a political subdivision of the State of Wisconsin located within this judicial district.

40. Additionally, the events giving rise to the claims asserted herein occurred within this judicial district.

## PARTIES

41. The Plaintiff, Michael Mankowski, is an adult resident of the State of Wisconsin.

42. Defendant City of Whitewater is a political subdivision of the State of Wisconsin and is or was the employer of the individual officers.

43. Under WIS. STAT. § 895.46(1)(a), the City of Whitewater is required to pay or indemnify all judgments, including compensatory and punitive damages, costs,

4

disbursements, and reasonable attorney's fees that may be awarded against its officials and employees who are liable for acts within the scope of their employment.

44. Defendant Cailey Russell was at the time of this occurrence employed as a police officer with the City of Whitewater Police Department.

45. At all times Russell interacted with Plaintiff on December 23, 2025, she was acting within the scope of her employment with the City of Whitewater.

46. At all times Russell interacted with Plaintiff on December 23, 2025, she was acting under color of state and local law.

47. Defendant Ryan Kozlowski was at the time of this occurrence employed as a police officer with the City of Whitewater Police Department.

48. At all times Kozlowski interacted with Plaintiff on December 23, 2025, he was acting within the scope of his employment with the City of Whitewater.

49. At all times Kozlowski interacted with Plaintiff on December 23, 2025, he was acting under color of state and local law.

**COUNT 1:**
**42 U.S.C. § 1983 Claim for Unreasonable Seizure**
**Traffic Stop**
**Against Defendant Cailey Russell**

50. Plaintiff realleges the above paragraphs.

51. Defendant Russell claims she pulled Plaintiff Mankowski over for failing to signal and for having bulbs out on his rear-mounted brake light.

52. Wisconsin law requires that rear-mounted stop lamps be in "proper working condition." WIS. ADMIN. CODE § 305.15.

5

53. Even though not all of the bulbs in Mankowski's rear-mounted stop lamp were on, it was still in proper working condition. WIS. STAT. § 347.14.

54. Mankowski had committed no traffic violations.

55. Russell therefore seized Mankowski without reasonable suspicion or probable cause that Mankowski violated a traffic law or was engaged in criminal activity, in violation of Mankowski's Fourth Amendment rights.

56. The aforementioned actions of Defendant Russell were the direct and proximate cause of the constitutional violations set forth above and of Plaintiff's pain and suffering, emotional harm, fear, humiliation, loss of personal freedom, loss of reputation, and expenses.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands actual or compensatory damages against Defendant Russell, and because she acted recklessly, maliciously, wantonly, or oppressively, punitive damages, plus the costs of this action, attorneys' fees, and such other and further relief that the Court deems just and equitable.

### COUNT 2:
### 42 U.S.C. § 1983 Claim for Unreasonable Seizure
### Extension of Traffic Stop
### Against Defendants Russell and Kozlowski

57. Plaintiff realleges the above paragraphs.

58. Defendants Russell and Kozlowski unreasonably extended the traffic stop of Plaintiff Mankowski, in violation of Mankowski's Fourth Amendment rights.

59. Even if there had been a lawful basis for the traffic stop, there was no independent reasonable suspicion to extend the stop for a K9 sniff.

6

60. Russell and Kozlowski both extended the traffic stop or failed to intervene in the extension of the traffic stop.

61. The aforementioned actions of Defendants Russell and Kozlowski were the direct and proximate cause of the constitutional violations set forth above and of Plaintiff's pain and suffering, emotional harm, fear, humiliation, loss of personal freedom, loss of reputation, and expenses.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands actual or compensatory damages against Defendants Russell and Kozlowski and, because they acted recklessly, maliciously, wantonly, or oppressively, punitive damages, plus the costs of this action, attorneys' fees, and such other and further relief that the Court deems just and equitable.

### COUNT 3:
### Indemnification Claim Against City of Whitewater

62. Plaintiff realleges the above paragraphs.

63. Wisconsin law, WIS. STAT. § 895.46, requires public entities to pay any tort judgment for damages for which employees are liable, for acts within the scope of their employment.

64. At all times relevant to this action, Defendants Russell and Kozlowski engaged in the conduct complained of while in the course of and scope of their employment with the City of Whitewater.

WHEREFORE, Plaintiff asks this Court to find that the City of Whitewater is liable to defend this action against Defendants Russell and Kozlowski and to satisfy any judgment entered against them, by virtue of WIS. STAT. § 895.46.

7

## JURY DEMAND

Plaintiff hereby demands a trial by jury, pursuant to FED. R. CIV. P. 38(b), on all issues so triable.

Respectfully submitted,

Dated: 15 April 2026,

/s/ R. Rick Resch
John H. Bradley
  Wisconsin Bar No. 1053124
R. Rick Resch
  Wisconsin Bar No. 1117722
William E. Grau
  Wisconsin Bar No. 1117724
STRANG BRADLEY, LLC
613 Williamson St., Suite 204
Madison, Wisconsin 53703
(608) 535-1550
John@StrangBradley.com
Rick@StrangBradley.com
William@StrangBradley.com

Attorneys for Plaintiff